IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| GARY MARTESE CROSS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Unit Manager MILLER, Captain CARTER, and GEORGIA DEP'T OF CORRECTIONS, | : | 5:15-CV-461 (MTT) |
| Defendants | : | |
| _____ | : | **O R D E R** |

    Plaintiff Gary Martese Cross, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), commenced this *pro se* action by filing in the United States District Court for the Northern District of Georgia a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an "Affidavit and Authorization for Withdrawal from Income Account." (ECF No. 2). Because Plaintiff complained of conditions at GD&CP, which is within the Middle District of Georgia, the case was transferred to this District (ECF No. 5). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

*I. STANDARD OF REVIEW*

    Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer

or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*,

148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff makes various claims about his "hazardous" living conditions at GD&CP. To begin with, he alleges that his cell has mold spots on the walls, air vents that are both dusty and rusty, and dirt on the floors. On September 1, 2015, Plaintiff wrote to the "Unit Manager" (presumably Defendant Miller), but got no response. According to Plaintiff, Miller is more concerned "with a bed being made correctly than the condition of the actual cell." He additionally alleges that on September 3, 2015, a roach crawled from under his dinner tray across his meal. Since then, Plaintiff states that he has "not been able to eat

3

without forcing the food down" and that he has lost an unspecified amount of weight. Plaintiff also believes that the prison dining area is "dirty" and "substandard." Finally, Plaintiff complains that on September 21, 2015, Defendant Captain Carter denied him lunch.

In addition to Defendants Miller and Carter, Plaintiff sues the Georgia Department of Corrections ("GDOC"). As relief, Plaintiff seeks $3.5 million dollars and asks that the "Health Department" be made to inspect GD&CP on a bi-weekly basis.

### III. DISCUSSION

#### A. GDOC

The GDOC may not be sued under section 1983. The doctrine of sovereign immunity bars claims against states and their agencies. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued."); *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections")).

#### B. *Conditions of Confinement*

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992). The Supreme

4

Court has made it clear, however, that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "A plaintiff seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating '*extreme* deprivations.'"  *Ellis v. Pierce County, Ga.*, 415 F. App'x 215 *1 (11th Cir. Feb. 24, 2011) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

Even construed liberally in his favor, Plaintiff's summary allegations fail to satisfy the above standard.   There is nothing in Plaintiff's complaint to suggest that the conditions described, even when considered in the aggregate, posed an unreasonable risk of serious damage to Plaintiff's health or offended the contemporary standards of decency.  *See e.g., Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 865 (11th Cir. June 9, 2008) (finding no constitutional violation where prisoner was denied lunch five days per week for five months); *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986) (no constitutional deprivation where food occasionally contains foreign objects); *Harris v. Gusman*, 2013 WL 1786797, at *6 (E.D. La. Mar. 8, 2013)

5

(allegations of dust, mildew and mold, "while admittedly unpleasant," did not amount to constitutional violations).

Moreover, other than an unspecified weight loss, the Court notes that Plaintiff has not alleged that he suffered any type of physical injury as a result of his confinement in the above conditions and Plaintiff's generalized assertion that his conditions are "hazardous" is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

## IV. CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.[1]

**SO ORDERED**, this 17th day of December, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It would also appear that Plaintiff's complaint is subject to dismissal based upon his failure to exhaust his administrative remedies prior to filing this action, as required by 42 U.S.C. § 1997e(a). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007). Plaintiff indicates that he has initiated grievance procedures by filing three grievances, but has not had a response to any of them. Because there is an independent reason for dismissal of this case, the Court need not decide the issue of exhaustion.